UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Robin Hayes | Chapter 13<br>Case No. 07-13967-JNF |
| Debtor | |

FIRST OMNIBUS OBJECTION TO CLAIMS

NOW COMES Robin Hayes, Debtor, and objects as follows to various claims:

1. The debtor filed her petition on June 26, 2007.
2. After the only objection was withdrawn, the Court granted the debtor's motion for a continuation of the automatic stay.
3. A number of creditors have filed Proofs of Claim. Without admitting the accuracy of the other claims and reserving her right to object to them, the debtor objects to allowance of the claims listed below for the reasons given.
4. CLAIM 5 – MASSACHUSETTS DEPARTMENT OF REVENUE. For the reasons set forth in her motion to strike the Notice filed by the Commissioner and in the motion for summary judgment on that motion, the debtor denies that she has any tax liability to the Commonwealth. The first year in which the debtor had income was 2006, and she has stated to her counsel that she filed a return for that year. A representative of the Department was present at the first meeting of creditors and questioned the debtor about this matter, and the debtor responded appropriately. Accordingly the debtor requests that the claim be disallowed as filed.
5. CLAIM 6 – INTERNAL REVENUE SERVICE. For the reasons set forth in her motion to strike the Notice filed by the Commissioner of the Massachusetts Department of Revenue and in the motion for summary judgment on that motion, the debtor denies that she has any tax liability to the Internal Revenue Service. The first year in which the debtor had income was 2006, and she has stated to her counsel that she filed a return for that year. A representative of the Service was present at the first meeting of creditors and questioned the debtor about this matter, and the debtor responded appropriately. Accordingly the debtor requests that the claim be disallowed as filed.
6. CLAIM 7 – AMC MORTGAGE SERVICES. This claimant alleges it is secured. However, a copy of the note and mortgage (and any related assignments) is not attached to the official form. For that reason the claim fails to comply with FRBP 3001(c) and (d). Furthermore, the claimant alleges it is owed slightly more than $15,000 in additional fees

and charges, which, in the absence of documentation, the debtor alleges are unreasonable and excessive.  Finally, the claimant alleges that the debtor is 22 payments in arrears, which the debtor cannot verify without a complete Loan History.  Absent appropriate documentation, the debtor requests that the claim be disallowed and the security interest voided pursuant to 11 USC §506(d).

7. CLAIM 8 – SOVEREIGN BANK.  This appears to be a claim for a deficiency subsequent to repossession and sale of a motor vehicle.  The documentation attached to the claim is insufficient for the debtor to determine the accuracy of the amount claimed or whether the claimant complied with the substance of Mass.Gen.Laws, Ch. 255 §13I, which requires that a complaint[1] be accompanied by an affidavit signed either by the purchaser at the sale or by the secured party stating the price for which the goods were sold and the date and place of sale.  Furthermore, there is no indication that the creditor complied with Mass.Gen.Laws, Ch. 255 §13J(d) and (e) in computing the deficiency.  Accordingly the debtor requests that the claim be disallowed.

8. CLAIM 9 – COMMONWEALTH OF MASSACHUSETTS.  This claim is an estimated claim based upon unproven, dubious and disputed claims that the debtor participated in a "foreclosure rescue scam".  The matter is being litigated in the Superior Court.  The debtor requests that this claim be disallowed for purposes of confirmation, subject to reconsideration in the unlikely event that the Superior Court finds the debtor liable.

WHEREFORE, the Debtor requests relief as set forth herein.

Date: September 4, 2007

Respectfully submitted,
Robin Hayes
By her attorney,


/s/    *David G. Baker*
David G. Baker
105 Union Wharf
Boston, MA  02109
BBO # 634889
(617) 367-4260

---

[1] A Proof of Claim is commonly considered to be equivalent to a complaint.

CERTIFICATE OF SERVICE

      Upon information and belief, the Chapter 13 trustee and other parties in interest were served with this response by the Court's CM/ECF system except as otherwise stated below.

      /s/      *David G. Baker*
      David G. Baker

Carolyn Bankowski-13    13trustee@ch13boston.com

John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV

Stephen G. Murphy on behalf of Massachusetts Department of Revenue
murphys@dor.state.ma.us

Michael Van Dam on behalf of Capital Trust, LLC    mvandam@trainilaw.com, rprizio@trainilaw.com

By regular email:
Stephanie Kahn on behalf of Commonwealth of Massachusetts/Office of the Attorney General/Consumer Protection and Antitrust Division   -   stephanie.kahn@ago.state.ma.us, paper@mab.uscourts.gov

Jamie Song on behalf of Internal Revenue Service/IRS    jamie.j.song@irscounsel.treas.gov

By first class mail:
AMC Mortgage Services, Inc.
ATN: Silvia Casas
PO Box 5926
Carol Stream, IL   60197

Sovereign Bank New England
PO Box 130424
Roseville, MN   55113