UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re:              |                        |
|---------------------|------------------------|
| Robin Hayes         | Chapter 13             |
|                     | Case No.  07-13967-JNF |
| Debtor              |                        |

DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM STAY

NOW COMES Robin Hayes, debtor, and objects to the motion of Deutsche Bank etc. for relief from the automatic stay, and in response to the numbered paragraphs of the motion as follows:

1. Admitted.
2. Admitted upon information and belief.
3. Admitted except as to the assignment, and as to that the debtor lacks knowledge or information sufficient to respond to this allegation. There does not appear to be any proof of assignment attached to the motion.
4. Admitted in part; the default occurred pre-petition. The copy of the motion received by debtor's counsel did not have a copy of the mortgage attached.
5. In response to the sub-paragraphs, the debtor responds as follows:
    a. Admitted.
    b. The debtor lacks knowledge or information suffficent to respond and calls upon the movant to prove the allegation.
    c. Admitted.
    d. The debtor lacks knowledge or information suffficent to respond and calls upon the movant to prove the allegation.
    e. The debtor lacks knowledge or information suffficent to respond and calls upon the movant to prove the allegation.
    f. Denied because no proof of assignment was attached to the motion and not assignment appears to have been recorded at the Registry of Deeds.
    g. The debtor lacks knowledge or information suffficent to respond and calls upon the movant to prove the allegation.
6. The debtor lacks knowledge or information suffficent to respond and calls upon the movant to prove the allegation.
7. Denied that the costs stated are reasonable or necessary, particularly a realtor's fee, as no such fee is involved in a foreclosure.

1

8. Admitted that there is some equity in the property, which constitutes adequate protection for present purposes, *see* <u>Baybank-Middlesex v. Ralar Distributors, Inc.,</u> 69 F.3d 1200 (1st Cir. (Mass.),1995), *citing* <u>First Agric. Bank v. Jug End in the Berkshires</u>, 46 B.R. 892, 899 (Bankr.D.Mass.1985) ("The classic protection for a secured debt justifying continuation of the stay is the existence of an 'equity cushion.'").

9. The debtor lacks knowledge or information suffcent to respond and calls upon the movant to prove the allegation. The believes that the mortgage may contain a 1-4 Family Rider, but is uncertain.

10. As the the property is her home, it is essential to reorganization. "There is an *irrebuttable presumption* that a chapter 13 debtor's home is necessary for an effective reorganization." *(emphasis in the original)* <u>In re Donahue</u>, 231 B.R. 865 (Bkrtcy.D.Vt. 1998), *citing* <u>In re Garner</u>, 18 B.R. 369 (S.D.N.Y. 1982) *and* <u>Grundy National Bank v. Stiltner</u>, 58 B.R. 593 (W.D.Va. 1986); *confirmation order reversed and remanded on other grounds*, <u>In re Donahue</u>, 232 B.R. 610 (D.Vt. 1999).

11. This allegation is not directed to the debtor.

12. FURTHER RESPONDING, the debtor states that because Deutsche Bank has not shown that it is the holder of the note and mortgage, Deutsche Bank lacks standing. For that reason, the motion must be denied. *See* <u>In re Schwartz</u>, 366 BR 265 (Bkrtcy.D.Mass. 2007).

WHEREFORE the debtor requests that the motion be denied and the creditor (whomever it may be) denied recovery of its fees and costs related to this motion.

October 1, 2007

    Respectfully submitted,
    Robin Hayes
    By her attorney,

    /s/   *David G. Baker*
    David G. Baker
    105 Union Wharf
    Boston, MA  02109
    617-367-4260
    BBO# 634889

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re:<br><br>Robin Hayes<br><br>Debtor | Chapter 13<br><br>Case No.   07-13967-JNF |
|---|---|

## CERTIFICATE OF SERVICE

The undersigned hereby states upon information and belief that the within objection was served upon the parties named below by the court's CM/ECF system.

/s/    *David G. Baker*
David G. Baker


Carolyn Bankowski-13     13trustee@ch13boston.com

John Fitzgerald     USTPRegion01.BO.ECF@USDOJ.GOV

Victor Manougian on behalf of Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates Series 2004-W11, Under the Pooling and servicing Agreement Dated as of Octo     bankruptcy@kordeassoc.com

Stephen G. Murphy on behalf of Massachusetts Department of Revenue     murphys@dor.state.ma.us

Michael Van Dam on behalf of Capital Trust, LLC     mvandam@trainilaw.com, lcandelario@trainilaw.com