UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Robin Hayes | Chapter 13<br>Case No. 07-13967-JNF |
| Debtor | |

RESPONSE TO OBJECTION TO CONFIRMATION
FILED BY DEUTSCHE BANK AS TRUSTEE

NOW COMES Robin Hayes and responds as follows to the allegations of the objection to confirmation filed by Deutsche Bank as trustee (hereinafter "Deutsche"):

1. Admitted.
2. Admitted except as to the last sentence, as to which the debtor lacks knowledge or information sufficient to respond.
3. Admitted.
4. Denied that the plan is in "violation" of §1325(a)(5)(B)(iii). The debtor responds to the various sub-paragraphs as follows:
   a. The plan speaks for itself.
   b. The plan speaks for itself.
   c. The plan speaks for itself.
   d. The plan speaks for itself (although the debtor is "she", not "he").
   e. The allegation is legal argument to which no response is required.
   f. The allegation is legal argument to which no response is required.
   g. The allegation is legal argument to which no response is required.
   h. The allegation is legal argument to which no response is required.
   i. The allegation is legal argument to which no response is required.
   j. The plan speaks for itself. However, as noted in the attached Memorandum, the debtor is fully within her rights to attempt to fashion a plan that is reasonably likely of confirmation. It is not impermissible to attempt "to circumvent" potential issues that would prevent confirmation.
   k. Admitted except as to "that violates the statute" because the debtor believes that her plan does not violate the statute. The debtor also questions whether the language of the statute is as "plain" as the secured creditor's counsel seems to believe; nowhere in the statute does it say "Balloon payment plans are prohibited."

    l.    Denied because the confusion and contradiction is solely in the eyes of the "secured creditor". The so-called "monthly payment" is merely set forth for the purpose of explaining the debtor's calculations and is neither a "monthly payment" nor a "periodic payment".

5. The debtor responds to the sub-paragraphs as follows:

    a.    Admitted but irrelevant because it is undisputed that the debtor made at least *some* payments directly, post-petition. The plan provision merely instructs the "secured creditor" as to how to apply the payments made by the debtor, as permitted by §524(i).

    b.    Denied because pursuant to case law in this district, when a secured claim is modified it must be paid through the trustee and not directly. In re Bernard, 201 BR 600 (Bkrtcy.D.Mass. 1996; Feeney, J.); In re Harris, 200 BR 745 (Bkrtcy.D. Mass. 1996; Kenner, J.).

    c.    The objection is conclusory because it fails to assert any facts in support of the conclusion.

    d.    The debtor remains firmly of the opinion that the amended plan moots the motion.

    e.    The plan speaks for itself. However, this allegation is vague because "presently due" assumes that the payment schedule under the original contract controls. This is not true; the payment schedule set forth in the Plan controls because the claim is modified and under the case law cited above, payments must be made by the trustee, not directly by the debtor. The statement also misconstrues the plan. What the plan says is that the two payments that the debtor made directly to the creditor will be credited as if received from the trustee. The debtor is permitted to include a plan provision directing how the creditor is to apply payments; *see* §524(i). It is undisputed that the debtor made two post-petition payments; *see* allegation 5b of the objection.

    f.    This objection is utterly meritless and borders on frivolous. The amended plan moots the motion for relief from stay. Furthermore, as stated in section b, above, case law in this district – which counsel for the secured creditor has completely ignored notwithstanding the fact that said case law has been cited repeatedly to her – requires payment of secured claims through the trustee. If counsel for the secured creditor wishes to change case law that has been in effect since 1996 (twelve years!), something more than conclusory allegations is required.

6. The debtor responds to the sub-paragraphs as follows:

    a.    Denied that a balloon payment is not permissible under the Code.

    b.    Denied because it is unclear what "payment amount" is being referenced.

      c.    Those claims are not included in the plan because the debtor has objected to them and does not owe the IRS, DOR or the Commonwealth a debt.

7.    [There does not appear to be a paragraph 7 in the objection.]

8.    [There does not appear to be a paragraph 8 in the objection.]

9.    [There does not appear to be a paragraph 9 in the objection.]

10.    This appears to be a scriviner's error that will be corrected in an appropriate fashion, if necessary, once all claims objections have been resolved.

11.    FURTHER RESPONDING, the debtor submits herewith, and incorporates herein by reference, a Memorandum of Law on the issue raised, that being the interpretation of §1322(a)(5)(B)(iii).

WHEREFORE the debtor requests that the objection be overruled and her plan confirmed.

May 22, 2008

                                          Respectfully submitted,
                                          Robin Hayes
                                          By her attorney,

                                          /s/   *David G. Baker*
                                          David G. Baker
                                          236 Huntington Avenue, Ste. 302
                                          Boston, MA   02115
                                          (617) 340-3680
                                          BBO # 634889

## CERTIFICATE OF SERVICE

The undersigned states upon information and belief that the within Response was served on the parties named below by the court's CM/ECF system.

                                          /s/   *David G. Baker*
                                          David G. Baker

Carolyn Bankowski-13     13trustee@ch13boston.com

Nina Ching on behalf of United States of America - IRS
Nina.P.Ching@IRSCounsel.Treas.Gov, bankruptcy.boston@irscounsel.treas.gov

Nathaniel J. Dorfman on behalf of United States of America - IRS
Nathaniel.J.Dorfman@usdoj.gov, northern.taxcivil@usdoj.gov

Adam B. Finkel on behalf of Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates Series 2004-W11, Under the

Pooling and servicing Agreement Dated as of Octo     bankruptcy@kordeassoc.com

John Fitzgerald     USTPRegion01.BO.ECF@USDOJ.GOV

Stephanie Kahn on behalf of Attorney General     stephanie.kahn@ago.state.ma.us, paper@mab.uscourts.gov

Victor Manougian on behalf of AMC Mortgage Services, Inc. as Servicer for Argent Mortgage Company, LLC     bankruptcy@kordeassoc.com

Stephen G. Murphy on behalf of Massachusetts Department of Revenue     murphys@dor.state.ma.us

Julie A. Ranieri on behalf of AMC Mortgage Services, Inc. as Servicer for Argent Mortgage Company, LLC     bankruptcy@kordeassoc.com

Michael Van Dam on behalf of Capital Trust, LLC     mvandam@trainilaw.com, lhamlin@trainilaw.com