UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re:<br><br>Robin Hayes<br><br>Debtor | Chapter 13<br>Case No. 07-13967-JNF |
|---|---|

OBJECTION TO MOTION TO COMPEL

NOW COMES Robin Hayes, the Debtor, and objects as follows to the motion of Deutsche Bank, etc., to "compel debtor to provide information for evidentiary hearing, etc.":

Motion for relief
1. The debtor responds to the sentences of this allegation as follows:
   a. The first sentence is admitted.
   b. The second sentence is admitted.
   c. The third sentence is admitted in part. While the mortgage was signed by both Robin Hayes and her mother, Tina Hayes, the promissory note was signed only by Tina Hayes.
   d. The fourth sentence is disingenuous because although it is true, strictly speaking, the assignment[1] was not signed until April 16, 2008, and recorded on April 28, 2008. Furthermore, a mortgage, and by extension an *assignment* of a mortgage, is an interest in land, it cannot be backdated; thus the purported "effective date" of October 24, 2005, is invalid. This assignment was signed by Tamara Price. In deposition testimony in another district, *see attached*, Ms. Price admitted, in essence, that she has no idea what she is doing when she signs assignments and has no idea whether the facts asserted are true. Furthermore, in response to a Qualified Written Request, on November 2, 2007, Hayes' counsel was provided with a copy of an assignment dated November 3, 2004 (the same day as the note and mortgage were executed), whereby the mortgage was assigned by Argent Mortgage Company, LLC, to Ameriquest Mortgage Company, *see attached*. It does not appear that this assignment was ever recorded. Thereafter, on February 5, 2008, Hayes' counsel was provided with a copy of another assignment, dated February 4, 2008, and signed by Tamara Price, whereby AMC Mortgage Services, Inc., (Citi Residential Lending, Inc. as Attorney-in-Fact) purported to assign the same mortgage to Deutsche Bank as trustee of a securitized trust, *see attached*. Although this assignment

---

[1] Unfortunately, the Plymouth Registry of Deeds has a rather primitive internet site and due to restrictions, the assignment could be viewed but it was not possible to print out a copy.

1

has an indication that when recorded it should be returned to Korde & Associates (the attorneys for Deutsche Bank on this motion), it does not appear that it was ever actually recorded. An assignment need not be recorded to be valid, *see generally* In re Schwartz, 366 BR 265 (Bkrtcy.D. Mass. 2007). Given all of these conflicting assignments, Hayes respectfully suggests that there is a legitimate question as to whether Deutsche Bank has valid title to the mortgage.

  e. The fifth sentence appears to be true, although no power of attorney or servicing contract has been provided.

2. Admitted.
3. The first sentence is admitted. The second sentence is denied because it is incomplete. With regard to the motion, given that the assignment to Deutsche Bank was not signed until April 16, 2008, the allegations in paragraphs 2 and 5f that Deutsche Bank was, <u>at the time the motion was made</u>, the holder of the mortgage, were false. *See* In re Nosek, 386 BR 374 (Bkrtcy.D.Mass. 2008). Accordingly, Deutsche Bank lacks standing to make the motion. At a minimum, a legitimate question exists as to the validity of Deutsche Bank's claim to title, even now.
4. Admitted.
5. Admitted.
6. Admitted in part.
   a. The debtor filed an objection to the Proof of Claim, which had been filed by "AMC Mortgage Services, Inc., as loan servicer for Secured Creditor Argent Mortgage Company, LLC". It would appear, therefore, that AMC Mortgage Services, Inc., was representing to the court that as of the petition date, Argent Mortgage Company, LLC, was still the holder of the mortgage. The Proof of Claim was signed under pains and penalties of perjury by Nancy K. Swift, who appears to be an attorney at the Buchalter Nemer Law Firm in Phoenix, Arizona. In <u>Nosek</u>, *supra*, Judge Rosenthal sanctioned the Buchalter firm $100,000. The documents referred to in this paragraph of the motion were filed with the response to the objection to the claim.
   b. However, in the motion for relief, it was represented that on the date of the motion, September 17, 2007, Deutsche Bank was the holder of the mortgage. This is a false statement because the assignment was not signed until April 16, 2008 – seven months after the motion was filed. Thus Deutsche does not have standing to make the motion.
7. Denied in part; debtor's counsel more likely represented that <u>his client</u> claimed to be current. Furthermore, because the amended plan changed the treatment of the claim, *see infra*, there are no post-petition arrears to "establish".

2

8. Admitted. At least one of the hearings was continued because Deutsche Bank's witness was unavailable.
9. Denied.
    a. According to Hayes' counsel's notes, one money order in the amount of $3,381.69 was sent to the address on the Proof of Claim on November 26, 2007, by counsel, himself. Attorney Julie Ranieri was provided with a copy of that money order, although when that was done the date is uncertain.
    b. Shortly after the hearing referred to in paragraph 7 of the motion, Hayes provided her counsel with proof of a second payment, in the amount of $3,200, having been made on or about January 17, 2008. A copy of the payment was promptly forwarded to attorney Ranieri.
    c. A copy of both payments is attached hereto.
10. Admitted that an amended plan was filed, otherwise denied. The amended plan changed the treatment of the claim from "cure the arrears" pursuant to §1325(b)(5) to a modification pursuant to §1325(b)(2). Under case law in this district, modified secured claims must be paid through the trustee, In re Bernard, 201 BR 600 (Bkrtcy.D.Mass. 1996).
11. Admitted.
12. Admitted in part. "Feasible" refers to a debtor's ability to make the payments required by the plan[2] – an issue which the court did not reach. Rather, the court held that since the plan has a balloon payment feature, it could not be confirmed over a secured creditor's objection because of the requirement of §1325(a)(5)(B)(iii), and Hayes' counsel does not recall the court reaching the question of whether the debtor could make the payments required by the plan. The debtor has filed a motion for leave to appeal from that ruling and reasonably expects the BAP to grant that motion for the reasons stated in that motion.
13. Denied because Hayes' counsel does not know what "evidence" Deutsche's counsel is referring to.
14. Denied, vociferously.
15. Denied in part. When the treatment of the claim changed from a "cure the arrears" plan to a "modify the claim" plan, the motion was rendered moot because no post-petition direct payments are required by the plan.
16. Admitted, however the debtor has filed a motion for leave to appeal from the order sustaining Deutsche Bank's objection and reasonably expects the motion to be granted.
17. As stated before, the proof of payment was provided to attorney Ranieri previously, and is attached hereto.
18. Because the documentation has been provided previously and in any event is attached

---

[2] This means the plan as proposed, not the plan as the secured creditor wishes it were.

3

hereto, this request is moot.

19. Because the documentation has been provided previously and in any event is attached hereto, this request is moot.

Objection to claim

1. Admitted. The objection stated the following:

   CLAIM 7 – AMC MORTGAGE SERVICES. This claimant alleges it is secured. However, a copy of the note and mortgage (and any related assignments) is not attached to the official form. For that reason the claim fails to comply with FRBP 3001(c) and (d). Furthermore, the claimant alleges it is owed slightly more than $15,000 in additional fees and charges, which, in the absence of documentation, the debtor alleges are unreasonable and excessive. Finally, the claimant alleges that the debtor is 22 payments in arrears, which the debtor cannot verify without a complete Loan History. Absent appropriate documentation, the debtor requests that the claim be disallowed and the security interest voided pursuant to 11 USC §506(d).

2. The first sentence is admitted. The second sentence is denied.
3. The debtor calls upon Deutsche Bank to prove the allegation, especially as to "significant bankruptcy fees and costs." *See* In re Plant, 288 BR 635 (Bkrtcy.D.Mass. 2003).
4. The debtor calls upon Deutche Bank to prove the allegation, especially as to "significant bankruptcy fees and costs." *See* In re Plant, 288 BR 635 (Bkrtcy.D.Mass. 2003).
5. Admitted. Having reviewed the loan history, Hayes acknowledges that the number of payments for which she was credited appears to be accurate. However, that does not mean that the calculations reflected in the loan history or the proof of claim are accurate, and Deutsche Bank will be required to prove the calculations at the evidentiary hearing.
6. Admitted.
7. This is an improper attempt to shift the burden of proof. While the party objecting to a proof of claim has the initial burden of persuasion, it is not a heavy burden. *See* In re Healthco International, Inc., 257 BR 379 (Bkrtcy.D.Mass. 2001) (calling into question the continuing vitality of the "substantial evidence" requirement of In re Hemingway Transport. Inc., 993 F.2d 915 (1st Cir. 1993), at least in the context of an objection to a tax claim). Here, the debtor's initial burden has been met because the Proof of Claim was not accompanied by a copy of the note and mortgage, and thus violated the plain language of Fed.R.Bankr.Pro. 3001. Furthermore, the objection disputed the additional fees and charges portion of the claim, thus shifting the burden to the claimant to provide some evidence in support of the additional amounts, *see* Plant, *supra*.
8. Again, this is an improper attempt to shift the burden of proof, as set forth in the response to the previous paragraph.
9. This request is moot.
10. This request is moot.

4

11. FURTHER RESPONDING, given that Deutsche Bank has not provided Hayes' counsel with any documentation it would desire to have admitted into evidence at the evidentiary hearing, Hayes requests that Deutsche be required to provide that documentation forthwith or, preferably, file a fee application, *see* Plant, *supra,* including copies of checks showing that the charges and fees for which Deutsche is seeking reimbursement were actually paid.

12. In addition, since there is evidence attached to this response that raises a triable question as to whether Deutsche Bank has valid title to the mortgage, Hayes respectfully suggests that counsel for Deutsche Bank should be required to call a witness or witnesses to present testimonial evidence concerning the assignments (possibly all of the individuals who signed the assignments) in order for the court to make a finding of fact regarding said title.

WHEREFORE the debtor requests that: 1) the motion be denied; 2) that counsel Deutsche Bank be required to file a fee application; and 3) that Deutsche Bank be required to prove it has valid title to the mortgage, failing which it should be voided pursuant to §506(d).

Date: July 2, 2008

                      Respectfully submitted,
                      Robin Hayes
                      By her attorney,

                      /s/    *David G. Baker*
                      David G. Baker
                      236 Huntington Avenue, Ste. 302
                      Boston, MA  02115
                      BBO # 634889
                      (617) 340-3680

## CERTIFICATE OF SERVICE

Upon information and belief, the Chapter 13 trustee and other parties in interest were served with this objection by the Court's CM/ECF system.

                      /s/    *David G. Baker*
                      David G. Baker

Carolyn Bankowski-13    13trustee@ch13boston.com

Nina Ching on behalf of United States of America - IRS

5

Nina.P.Ching@IRSCounsel.Treas.Gov, bankruptcy.boston@irscounsel.treas.gov

Nathaniel J. Dorfman on behalf of United States of America - IRS
Nathaniel.J.Dorfman@usdoj.gov, northern.taxcivil@usdoj.gov

Adam B. Finkel on behalf of Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates Series 2004-W11, Under the Pooling and servicing Agreement Dated as of Octo     bankruptcy@kordeassoc.com

John Fitzgerald     USTPRegion01.BO.ECF@USDOJ.GOV

Stephanie Kahn on behalf of Attorney General     stephanie.kahn@ago.state.ma.us, paper@mab.uscourts.gov

Victor Manougian on behalf of AMC Mortgage Services, Inc. as Servicer for Argent Mortgage Company, LLC     bankruptcy@kordeassoc.com

Stephen G. Murphy on behalf of Massachusetts Department of Revenue
murphys@dor.state.ma.us

Julie A. Ranieri on behalf of AMC Mortgage Services, Inc. as Servicer for Argent Mortgage Company, LLC     bankruptcy@kordeassoc.com

Michael Van Dam on behalf of Capital Trust, LLC     mvandam@trainilaw.com, lhamlin@trainilaw.com