UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re | |
|---|---|
| Robin Hayes | Chapter 13 |
| | Case No. 07-13967 |
| Debtor | |

## MOTION IN LIMINE FOR SUMMARY JUDGMENT

NOW COMES Robin Hayes, debtor, and respectfully moves the court, *in limine*, for summary judgment denying the motion of Deutsche Bank for relief form the automatic stay, and in support of her motion states that the material facts are not in disputed and Hayes is entitled to judgment as a matter of law for the reasons stated in the attached memorandum. This motion is also supported by the allegations of the debtor's motion to compel production of documents (which was allowed by the court) and by the affirmation of undersigned counsel submitted in response to the Affidavit of Non-compliance filed by counsel for Deutsche Bank.

WHEREFORE the debtor requests that the motion be denied, with prejudice.

July 13, 2008

Respectfully submitted
Robin Hayes
By her attorney,

/s/   *David G. Baker*
David G. Baker, Esq.
236 Huntington Avenue, Ste. 302
Boston, MA  02115
BBO# 634889
617-340-3680

## Certificate of Service

The undersigned states upon information and belief that the within document was served upon the entities named below by the court's CM/ECF system.

/s/   *David G. Baker*
David G. Baker

David G. Baker on behalf of Hayes &nbsp &nbsp courtmail@bostonbankruptcy.org, scott@bostonbankruptcy.org

Carolyn Bankowski-13 &nbsp &nbsp 13trustee@ch13boston.com

Nina Ching on behalf of United States of America - IRS &nbsp &nbsp
Nina.P.Ching@IRSCounsel.Treas.Gov, bankruptcy.boston@irscounsel.treas.gov

Nathaniel J. Dorfman on behalf of United States of America - IRS &nbsp &nbsp
Nathaniel.J.Dorfman@usdoj.gov, northern.taxcivil@usdoj.gov

Adam B. Finkel on behalf of Deutsche Bank National Trust Company, as Trustee of Argent
Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates Series 2004-W11, Under the
Pooling and servicing Agreement Dated as of Octo &nbsp &nbsp bankruptcy@kordeassoc.com

John Fitzgerald &nbsp &nbsp USTPRegion01.BO.ECF@USDOJ.GOV

Stephanie Kahn on behalf of Attorney General &nbsp &nbsp stephanie.kahn@ago.state.ma.us,
paper@mab.uscourts.gov

Victor Manougian on behalf of AMC Mortgage Services, Inc. as Servicer for Argent Mortgage
Company, LLC &nbsp &nbsp bankruptcy@kordeassoc.com

Stephen G. Murphy on behalf of Massachusetts Department of Revenue &nbsp &nbsp
murphys@dor.state.ma.us

Julie A. Ranieri on behalf of AMC Mortgage Services, Inc. as Servicer for Argent Mortgage
Company, LLC &nbsp &nbsp bankruptcy@kordeassoc.com

Michael Van Dam on behalf of Capital Trust, LLC &nbsp &nbsp mvandam@trainilaw.com,
lhamlin@trainilaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

In re

                    Robin Hayes                          Chapter 13
                                                         Case No. 07-13967
                                          Debtor

MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE FOR SUMMARY JUDGMENT

NOW COMES Robin Hayes, debtor, and states the following in support of her motion, *in limine*, for summary judgment denying the motion of Deutsche Bank for relief from the automatic stay.

ARGUMENT

Introduction

A motion in limine generally serves the purpose of determining whether certain evidence should be excluded at trial.  However, courts sometimes consider motions in limine that have a more substantive basis, such as motions for summary judgment, *see* In re Century Electronics Mfg., Inc., 345 BR 33 (Bkrtcy.D.Mass. 2006), as doing so helps to focus the trial and eliminate the need to try matters where there is no reasonable dispute.

A motion for relief from the automatic stay is a contested matter within the meaning of FRBP 9014, which provides that FRBP 7056 applies in contested matters.  Summary judgment, pursuant to rule 7056, is a procedural device used to promote judicial economy that also relieves the court of the need for a full trial when there are no reasonable disputes about facts and the court need merely to apply the relevant law to the facts.  Desmond v. Varasso (In re Varasso) 37 F.3d 760 *1st Cir. 1994).

Deutsche Bank is seeking relief from the automatic stay imposed by 11 USC §362 when Hayes filed her bankruptcy petition.  A party may obtain such relief for several reasons, including "cause" – a term which is not defined by the bankruptcy code.  In re Montgomery, 285 R 345 (Bkrtcy.D.R.I. 2002).  "Determining whether 'cause' exists requires a fact intensive inquiry that must be made on a case by case basis."  Id. *citing* In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990).

Statement of Undisputed Facts

Pursuant to Local Rule 56.1, Hayes avers that there is no reasonable dispute about the following facts:

1.     Hayes filed the current petition on June 6, 2007, together with the required statements, schedules and a chapter 13 plan.
2.     Among property of the estate is the debtor's residence at 232 Perkins Avenue, Brockton, MA.  The property is a multi-family dwelling.
3.     The property is jointly owned by the debtor and her mother, Tina Hayes.

4.    Title to the residence is encumbered by a mortgage originally given to Argent Mortgage Company.

5.    As originally filed, the plan treated the mortgage claim by proposing to cure the arrears via payments to the chapter 13 trustee and to remain current on the mortgage via payments made directly to the mortgagee or its servicer.

6.    On or about September 17, 2007, a motion for relief from the automatic stay was filed. The moving party identified itself as "Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc., Asset-Back Pass Through Certificates Series 2004-W11, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse ("Deutsche Bank")".

7.    In the motion, Deutsche Bank claimed to be the holder of the mortgage. This representation was made in paragraphs 3 and 5.f.

8.    For cause, Deutsche Bank represented that "the debtor has failed to stay current on her post-petition payments, and the property is not necessary to an effective reorganization." *Motion at ¶10.*

9.    Deutsche Bank admitted in the motion that there is equity in the property.

10.    The debtor filed a First Amended Chapter 13 Plan on April 7, 2008.

11.    In the amended plan, the debtor set forth a treatment of the mortgage claim that proposed to modify the claim pursuant to 11 USC 1322(b)(2), and to make all payments respecting the mortgage through the chapter 13 trustee.

12.    Payment of the mortgage claim requires a balloon payment near the end of the plan.

13.    The motion for relief from stay has been continued a number of times and presently is scheduled for evidentiary hearing on July 14, 2008.

14.    Because of the balloon payment feature, confirmation of the plan was denied. A motion for leave to appeal the denial was granted by the Bankruptcy Appellate Panel.

15.    A proof of claim respecting the mortgage was filed by AMC Mortgage Services as Servicer for Argent Mortgage Company, LLC, on August 10, 2007

16.    The debtor filed an objection to the claim on September 4, 2007. The objection is scheduled for trial on July 11, 2008.

17.    No amended proof of claim has been filed.


ARGUMENT

The standard of decision for granting relief from the automatic stay is different in chapter 13 as over against chapter 7. In fact, it has been held, in essence, that a debtor in chapter 7 lacks standing to object to a motion for relief from stay even where there is equity in the property. In re Cohen, 141 BR 1 (Bkrtcy.D.Mass. 1992). By contrast, in the reorganization chapters of the bankruptcy code, the existence of an equity cushion, alone, is sufficient grounds for continuation of the automatic stay because it constitutes adequate protection of the secured party's interest in the property. Baybank-Middlesex v. Ralar Distributors, Inc., 69 F.3d 1200 (1st Cir. 1995) (chapter 11 case), *citing* First Agric.Bank v. Jug End in the Berkshires, 46 BR 892 (Bkrtcy. D.Mass. 1985).

Where a debtor is not performing under a plan that provides for direct payments by a debtor to a mortgagee, regardless of whether the plan is confirmed, and the mortgagee or its

servicer is not receiving the direct payments, the court may consider granting relief from stay. *See, e.g.,* In re Sidelinger, 175 BR 115 (Bkrtcy.D.Me. 1994). Where a plan does <u>not</u> require post-petition payments to be made directly to the mortgagee or its servicer, however, relief from stay is not appropriate on that basis alone; rather, the issue is whether the debtor generally is complying with the requirements of the plan.

As a general rule, there is no absolute right for a debtor to provide for, or a creditor to demand, that payments be made directly (i.e., not through the chapter 13 trustee), but the court may allow such provisions in a plan. <u>In re Harris</u>, 200 BR 745 (Bkrtcy.D.Mass. 1996); <u>In re Bernard</u>, 201 BR 600 (Bkrtcy.D.Mass. 1996). The general practice in this district has been that the chapter 13 trustee pays the mortgagee's arrears claim, while the debtor makes direct payments for amounts coming due post-petition. This is not the case in other districts, *see* <u>In re Perez</u>, 339 BR 385 (Bkrtcy.S.D.Tex. 2006). Even in this district, where a secured claim is modified and therefore must be paid during the term of the plan, distributions to the secured creditor must be made through the chapter 13 trustee unless the court permits another treatment. <u>Harris</u> and <u>Bernard</u>, *supra*.

In this case, Hayes amended her plan in April, 2007, to provide for the modification of the mortgage claim[1]. As a result, the aforementioned case law requires her to provide in her plan that distributions be made through the chapter 13 trustee. To do so, Hayes amended her Schedule J to eliminate the provision for direct payments, thereby increasing the "disposable income" available for payment to the chapter 13 trustee.

From and after the date the amended plan was filed, the motion for relief from stay was moot. This is because the amended plan no longer provided for direct payments to the mortgagee, and the grounds for relief were no longer true. That is, the plan no longer calls for direct payments to the mortgagee.

It is true that confirmation was denied. However, denial was not based on the absence of a provision for direct payments, but on the balloon payment aspect of the plan. The Bankruptcy Appellate Panel has granted leave to appeal denial; thus, denial is not the last word on this plan.

Even if denial is affirmed, however, an amended plan is not likely to provide for direct payments because the debtor has been making payments to the trustee that include the post-petition payments coming due; reverting to direct payments would present accounting problems, at a minimum. Accordingly, the amended plan would provide for the trustee to act as a "conduit" for the maintenance payments within the meaning of §1322(b)(5). In some districts, this is required as a matter of the court's policy, *see* <u>Perez</u>, *supra*. In the absence of such a policy, whether to provide for direct payments or "conduit" payments is a matter of discretion for the debtor. <u>In re Lopez</u>, 372 BR 40 (9th Cir. BAP 2007). *See generally* Berment and Braucher,

---

[1] As stated within, there is a substantial question as to who is the holder of the claim. Thus this memorandum is avoiding identifying the holder, leaving that as an evidentiary burden on the moving party.

Making Post-petition Mortgage Payments Inside Chapter 13 Plans: Facts, Law, Policy; 80
AMBKRLJ 261 (American Bankruptcy Law Journal, Spring 2006).

Ultimately, the first issue that must be proven on a motion for relief from the stay is that
the moving party has standing to make the motion – i.e., that the moving party is the "holder" of
the note and mortgage.  In re Nosek, 386 BR 374 (Bkrtcy.D.Mass. 2008).  As stated in the
affirmation of undersigned counsel, there is conflicting evidence as to who is the legal holder of
the note and mortgage.  Even assuming that Deutsche Bank is the holder, however, the fact that
the plan no longer calls for direct payments has rendered the motion moot.  As that fact is not
subject to reasonable dispute, summary judgment should be granted denying the motion.

July 13, 2008

Respectfully submitted
Robin Hayes
By her attorney,

/s/   David G. Baker
David G. Baker, Esq.
236 Huntington Avenue, Ste. 302
Boston, MA  02115
BBO# 634889
617-340-3680