UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE ROBIN HAYES
        DEBTOR

CHAPTER 13
CASE NO. 07-13967-JNF

POST-TRIAL SUBMISSION OF DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE WITH PROPOSED FINDINGS OF FACT AND RULINGS OF LAW

    Now come Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates Series 2004-W11, under the Pooling and Servicing Agreement dated as of October 1, 2004 ("Deutsche Bank") and its loan servicer, CitiResidential Lending, Inc. and files this Post-Trial Submission with Proposed Findings of Fact and Rulings of Law relative to the Evidentiary Hearing conducted by this Court on July 14, and July 15, 2008.

Introduction

    Before the Court are (1) the Debtor's First Omnibus Objection to the Claim of AMC Mortgage Services, Inc. as loan servicer for Argent Mortgage Company, Inc. (#47) and AMC's Response to such Objection (#100) and (2) Deutsche Bank's Motion for Relief from Stay filed September 17, 2007 (#57) and the Debtor's Objection to such Motion (#66).

Proof of Claim Issues

    The Debtor's Omnibus Objection to the Proof of Claim filed by AMC Mortgage Services, Inc. ("AMC") asserted the following objections: (1) the Claim was not accompanied by copies of the note and mortgage evidencing the claim and perfection of its security interest; (b) that the $14,782.32 in foreclosure and bankruptcy attorneys fees and costs set forth in the claim are "unreasonable and excessive"; and (3) that the 22 month payment prepetition payment arrears could not be verified without a Loan History.

Burden of Proof

    "The party filing the claim is presumed to have made a prima facie case against the Debtor's assets. The objecting party has the burden to produce evidence rebutting the presumption raised by the

1

proof of claim.  If such evidence is produced, the party filing the claim has the burden to prove by a preponderance of the evidence the validity of the claim.  The claiming party, through this process bears the ultimate burden of proof." *In re Moye,* 385 B.R. 885 (S.D.Tex.2008), *citing In re Fidelity Holding Company, Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988); *In re Missionary Baptist Foundation of America,* 818 F.2d 1135, 1143-1144 (5th Cir. 1987).

Proposed Findings of Fact and Rulings of Law – Proof of Claim

1. Tina Hayes, the Debtor's mother (Day-2, Trans., pg. 26, lines 9-10, executed and delivered an Adjustable Rate Note in the original principal amount of $324,000.00 to Argent Mortgage Company, LLC on November 3, 2004 (the "Note") (P-1) (Day-1 Trans., Testimony of Andrea Rodriguez-Tapia ("Tapia"), pgs. 29-34).
2. Tina Hayes and the Debtor executed, acknowledged and delivered a certain mortgage of even date and principal amount securing the Note to said Argent Mortgage Company, LLC ("Argent") which mortgage is duly recorded with the Plymouth County Registry of Deeds in Book 29405, Page 82 (the "Mortgage").  (Attested Copy, P-2) (Day-1 Trans., Tapia, pgs. 34-36) (Day-2 Trans., Testimony of Robin Hayes ["Hayes"], pgs. 27 & 28).
3. The Mortgage encumbers real estate owned and now occupied the by the Debtor as her principal residence known as 232 Perkins Avenue, Brockton, Massachusetts (the "Property").  (P-2) (Day-2 Trans., Hayes, pgs. 25-28).
4. By virtue of a certain Limited Power of Attorney (The "LPOA") dated October 18, 2007 as duly acknowledged on October 18, 2007, Argent appointed Citi Residential Lending, Inc. ("Citi") as its true and lawful Attorney in Fact to take and perform in its name and stead various enumerated actions including, inter alia:

    "6. The assignment of any Mortgage or Deed of Trust and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby. . . .

    8. With respect to a Mortgage or Deed of Trust the foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or termination, cancellation or rescission of any such foreclosure, including, *without limitation (emphasis added)*, any of the following acts:

    a. the substitution of Trustee or Beneficiary(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;
    b. the preparation and issuance of statements of breach or nonperformance;
    c. the preparation and filing of notices of default and/or notices of sale;
    d. the taking of a deed-in-lieu of foreclosure; and
    e. the *preparation and execution of such other documents and performance of such other actions* (emphasis added) as may be necessary under the terms of the Mortgage, Deed of

2

> Trust or state law to expeditiously complete said transactions in paragraphs 8.a. through 8.e. above." (P-4)

5. An Incumbency Certificate dated October 23, 2007 and purporting to be executed by Citi's corporate Secretary, Kathy Wood-Wagner, appoints, inter alia, Tamara Price as an Authorized Servicing Officer and therein bestows on Price the authority "to enter into, on behalf of the Company, agreements and other documents relating to the servicing of mortgage loans, and execution of deeds." Price is further identified in such Certificate as a Vice President of Citi (P-5).

6. The proof of claim deadline for nongovernmental proofs of claim in this matter was November 13, 2007 (docket, third entry under 6/26/07). Judicial Notice may be taken at any stage in the proceeding, F.R.E. 201(f).

7. AMC Mortgage Services, Inc. ("AMC") as loan servicer for Argent filed a timely proof of claim dated August 10, 2007 on August 13, 2007 (Claims Register, Claim No. 7). The claim was not accompanied by copies of the Note and Mortgage.

8. On April 16, 2008, in her stated capacity as Vice-President of Citi executed a Confirmatory Corporation Assignment of Deed of Trust/Mortgage whereby Argent memorialized its assignment of the Mortgage and of the Note secured thereby to Deutsche Bank effective as of October 24, 2005. (P-3) (Day-1 Trans., Tapia, page 36).

9. Citi, as loan servicer for Deutsche Bank, caused a Notice of Transfer of Claim No. 7 to be duly filed with the Court on April 29, 2008 as document no. 189. AMC was designated therein as the Transferor. (P-71) (Tapia, Day-1 Trans., pgs. 69-71).

10. Citi currently services the Debtor's mortgage account on behalf of Deutsche Bank. Day-1 Trans., Tapia, pages 29 & 30.

11. A certain Pooling and Servicing Agreement dated October 1, 2004 by and between Argent Securities, Inc., Depositor, Ameriquest Mortgage Company, Master Servicer and Deutsche Bank (the "PSA"), omitted without objection as P-6, identifies Argent as one of two "Originators" of loans in the Pool (P-6, page 44, last paragraph).

12. The PSA anticipates and provides for the transfer of additional loans to the Pool subsequent to the October 1, 2004 date of the PSA as provided in Section 2.09(a), pages 84 and 85 of the PSA P-6).

13. Deutsche Bank is the current holder of the Note and Mortgage.

14. The principal balance due and owing on the Note and Mortgage as of the filing date of the petition was $322,219.03. (Day-1 Trans., Tapia, page 48, lines 22-23). (P-8, Addendum A).

3

15. The Debtor does not challenge the calculation of the principal balance in her Claim Objection (#47) and offered no testimony or documentation (and indeed, in the case of documentation, was barred from doing so – Day1 Trans., pg 21 – pursuant to B.R.P. 7037(b)) rebutting the prima facie validity of this calculation.

16. The Note provides for an initial interest rate of 8.6% and further provides for such rate to be adjusted at six month intervals commencing December 1, 2006, pursuant to terms of paragraph 4 of the Note.

17. The Debtor's account was due for 16 monthly payments of $2,514.28 each (9/1/05-12/1/06); 5 payments of $2,972.50 each (1/1/07 -5/1/07) and 1 payment of $3,19925 for a total monthly payments arrears of $58,290.23 as of the filing date of the petition as set forth in the Proof of Claim (P-8).

18. The Debtor's account was due for the September 1, 2005 contractual loan payment in accordance as evidenced by the Proof of Claim (P-8) and the Contractual Payment History entered without objection as Exhibit P-17.   The Debtor offered no testimony or documents whatsoever to rebut the prima facie validity of the September 1, 2005 contractual due date or the accuracy of either the computation of the monthly payments set forth therein and/or the total of the 22 monthly payments itemized therein.

19. The Note provides for the assessment of late charges in an amount equal to 3% of the overdue payment of principal and interest for each payment received more than 15 calendar days after the date it is due (P-1, paragraph 7(A).

20. The Debtor owed $1,741.96 in accrued late charges to Deutsche Bank in respect of the Note and Mortgage as of the filing date of the petition as set forth in the Proof of Claim  and as further supported by the Contractual Payment History (P-17) and the testimony of Tapia (Day-1 Trans., pages 58
& 59).  The Debtor offered no testimony or documentation to rebut the prima facie validity of the late charge line item.

21. As authorized by paragraphs 7 (see second subparagraph regarding inspections) and 9 of the Mortgage Deutsche Bank incurred various fees and expenses to preserve the value of its collateral and preserve its rights and interest therein, including, as itemized in  the Proof of Claim, $327 in Property Inspection Fees (and as further evidenced by the Invoice from FIS Field Services, Inc., P-14 and the Tapia testimony, Day-1Trans., page 60); appraisal fees of $535.00 (as further evidenced by the PCV/Mucor Invoices, P-15, and the Tapia testimony, Day-1 Trans., page 63) and prepetition foreclosure attorneys fees and costs totaling $14,782.32 (as further evidenced by

    the Corporate Advance Breakdown introduced as P-16 and the Contractual Payment History P-17).

22. Korde & Associates was retained to commence proceedings to foreclose the Mortgage sometime in October of 2005.

23. The Proof of Claim indicated that the claim was for a "secured" claim in the total amount of $398,099.18 including a secured arrearage claim of $75,676.57.

24. The Debtor's Schedule A values the Property at $442,000.00. Interpreting the Debtor's objection broadly in favor of the Debtor, the Debtor's claim objection (#47) cannot be read to call into question or otherwise challenge the secured status of the claim or any portion thereof.

25. The Broker's Price Opinion introduced as P-15 is hearsay and should be disregarded. Likewise the testimony of Tapia pertaining to the value of the Property should be disregarded as she was not qualified as a licensed appraiser or other expert qualified to offer opinion testimony on the issue of real estate valuation.

26. The Debtor offered no testimony or documentation rebutting the prima facie validity of the amount and secured status of the claim, or any portion thereof, as set forth the Proof of Claim (P-8).

27. Deutsche Bank is the holder of an allowed secured claim in the amount of $398,099.18 including a secured prepetition arrearage claim of $75,676.57.

## Motion for Relief

1. Deutsche reasserts the proposed findings of fact and rulings of law set forth in paragraphs 1-27 herein.

2. The Court denied Confirmation of the Debtor's First Amended Chapter 13 Plan (#156) by its order of June 27, 2008 (#234). The grounds for denying confirmation included a finding that the proposed plan violated the so-called equal payment provision set forth in 11 U.S.C. Section 1325(a)(5)(B)(iii)(I).

3. On the same day, June 27, 2008, the Court also sustained the Chapter 13 Trustee's objection to the First Amended Plan *and* ordered the Debtor to file a further amended plan within 30 days (#237).

4. The Debtor's Notice of Appeal (#249) and Motion for Leave to Appeal (#250) only refer to the Court's Order entered as #234 and only a copy of order #234 is attached to the Notice of Appeal #249.

5

5. The Debtor filed an Amended Notice of Appeal (#278) on July 9, 2008 but did not reference order no. 237 therein nor did he attach a copy of such order no. 237 to the amended notice of appeal.

6. The Debtor has not properly perfected an appeal of order no. 237.

7. The Debtor did not move this Court for a Stay of such order pursuant to F.B.R. 8005.

8. The Debtor has not filed an amended plan as ordered by the Court on June 27, 2008 (#237).

9. Other objections to the Debtor's First Amended Plan await disposition including the objections of (a) the Massachusetts Department of Revenue (#181); (b) the IRS (#183) and (c) the Commonwealth of Massachusetts Attorney General's Office (#185).

10. The First Amended Plan brazenly claims that the Debtor owes nothing to each of these three claimants and therefore does not purport to provide for treatment of their claims.

11. The IRS claim is for a total of $147,980.00 (Claim No. 6) and the Attorney General's claim is for a total of $1,323,872.00 (Claim No. 9).

12. The Commonwealth asserts in its Proof of Claim (No. 9) that the Debtor was a participant in a fraudulent foreclosure rescue scheme. Components of the Commonwealth's total claim include holding the Debtor liable for $76,720.00 in fictitious brokers fees charged by the Debtor and/or a real estate company she wholly owned and controlled and for $333,350.00 in deposits that the Debtor and her company never returned to the alleged victim homeowners.

13. Even if the Debtor could propose a plan adequately treating the claims of the IRS, DOR and the Attorney General, she is clearly over the noncontingent and liquidated unsecured claim ceiling provided for in 11 U.S.C. Section 109(e).

14. For all of the foregoing reasons sufficient cause exists to grant Deutsche Bank relief from the automatic stay pursuant to 11 U.S.C. Section 362(d)(1).

Date: August 8, 2008

Respectfully Submitted,

/s/ John S. McNicholas
John S. McNicholas, Esq.
BBO# 546542
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01824
jmcnicholas@kordeassoc.com

<u>/s/ Julie A. Ranieri</u>
Julie A. Ranieri, Esq.
BBO#655936
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01824
jranieri@kordeassoc.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re: | Case Number 07-13967-JNF |
| Robin Hayes | Chapter 13 |

**CERTIFICATE OF SERVICE**

I, Julie A. Ranieri, Attorney for **Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-W11, under the Pooling and Servicing Agreement dated as of October 1, 2004** hereby certify that on August 8, 2008 I electronically filed the foregoing *Post-Trial Submission with Proposed Findings of Fact and Rulings of Law* the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the forgoing documents on the following CM/ECF participants:

John Fitzgerald, US Trustee
Carolyn Bankowski, Trustee
David Baker, Esq.
Michael Van Dam. Esq.
Stephanie Kahn, Esq.
Nina Ching, Esq.
Nathanial J. Dorfman, Esq.
Stephen G. Murphy, Esq.

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

Robin Hayes
359 William Kelley Road
Stoughton, MA  02072

Robin Hayes
232 Perkins Avenue
Brockton, MA 02301

Tina Hayes
232 Perkins Avenue
Brockton, MA 02301

City of Brockton
Tax Collector
45 School Street
Brockton, MA 02401

/s/ Julie A. Ranieri
Julie A. Ranieri, Esquire
Korde & Associates
321 Billerica Road, Suite 210
Chelmsford, MA. 01824
Tel: 978-256-1500

8