UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Robin Hayes, | Chapter 13 |
| | Case No. 07-13967-JNF |
| Debtor | |

MOTION TO ALTER OR AMEND JUDGMENT

      NOW COMES Robin Hayes, debtor, and respectfully moves the court pursuant to FRCP 52(b), applicable to this case pursuant to FRBP 7052, or FRCP 59, made applicable to this matter by FRBP 9023, to alter or amend the judgment dated August 19, 2008, in order to clarify the meaning of footnote nine, and in support of this motion states as follows:

1. In the Memorandum of Decision dated August 19, the court included footnote number nine, which states:

    In view of the foregoing, the Court need not address issues raised by both parties with respect to the Debtor's burden of establishing the existence of a plan in prospect under 11 U.S.C. § 362(d)(2)(B). The Court notes that the Debtor may have won a battle, but she still may lose the war. The evidence established that the Debtor has made a total of two postpetition mortgage payments in the 14 months her Chapter 13 case has been pending and that she had incurred substantial mortgage arrears at the time of the commencement of her second Chapter 13 case. Although the holder of the mortgage may be in doubt, the Debtor's inadequate income and questionable ability to make mortgage and plan payments from self-employment is not. Outstanding issues remain and include whether the claim securing the Perkins Avenue property can be modified, and whether she can propose a feasible plan. The Court has sustained objections to her First Amended Chapter 13 plan because it had a balloon payment feature. At this time, she does not have a confirmable plan before the Court.

2. It is unclear to the debtor whether that language constitutes *dicta* or findings of fact and conclusions of law within the meaning of FRBP 7052(a). "Dicta comprises observations in a judicial opinion or order that are 'not essential' to the determination of the legal questions then before the court." Municipality of San Juan v. Rullan, 318 F.3d 26 (1st Cir. 2003). If footnote nine is not *dicta*, then it would appear to establish law off the case. In the present context, the "law of the case" doctrine provides that "a court must respect and follow its own ruling made at a prior stage in the same case." Conley v. U.S. 323 F.3d 7 (1st Cir. 2003).

3. If the footnote had consisted of nothing more than the first sentence, this issue would not have arisen. However, in the third sentence, it appears clear that the court went on to find facts that might have supported granting relief from the automatic stay, had Deutsche Bank succeeded in establishing standing. This is particularly true of the fourth sentence, as the court says therein essentially that there is no doubt that the plan is not feasible, i.e., that the debtor cannot make the payments required by the plan. *See* 11 USC §132(a)(6).

4. Accordingly, to the extent that the footnote is *dicta* but would be interpreted as establishing the law of the case, the debtor believes that these findings were erroneous and unsupported by the evidence and, for the following reasons, the court should alter or amend these findings and conclusions.

5. The court first states that "the evidence established that the Debtor has made a total of two postpetition mortgage payments in the 14 months her Chapter 13 case has been pending." This is correct as far as it goes, but it does not go far enough. The evidence, and the entire record of this case, establishes that the amended plan filed by the debtor modified the claim pursuant to §1322(b)(2). Well established case law in this district provides that when a claim is modified, it must be paid through the chapter 13 trustee. In re Bernard, 201 BR 600 (Bkrtcy.D.Mass. 1996). Consequently, although the debtor arguably should have made more payments directly to the creditor *prior to* the amended plan, all payments from and after the filing of the amended plan were required, as a matter of law, to be made to the chapter 13 trustee.

6. At trial, the debtor was questioned about this on direct examination. *See pages from transcript, attached.* On page 38, the debtor was asked to explain her understanding of her obligations under the plan. She testified:

"To make my payments, my mortgage and the bankruptcy payment directly to the trustee."

7. She was then asked whether she had made all the payments that are required, to the best of her knowledge. She answered:

"All, except for this month here."

8. She then testified that she would be making the current month's payment to the trustee before the end of the month.

9. There was no evidence contradicting her testimony. Even if it later appears that she was mistaken, the evidence before the court at trial does not support a finding by the court at

        this time that the debtor failed to show that she can make all the payments required by the plan.

10.   The court then stated that a question exists as to "whether the claim securing the Perkins Avenue property can be modified." Again, the evidence does not support a finding or conclusion that there is doubt about that issue.

11.   Deutsche Bank's own evidence established that the property is a two-family dwelling. It introduced an appraisal of the property that it obtained. When cross-examined, Deutsche Bank's own witness confirmed that the appraisal stated that the property is a two-family dwelling. It is indisputable that a claim secured by a two-family dwelling is modifiable, even if it is partially the debtor's principal residence. Lomas Mortgage, Inc. v. Louis, 82 F.3d 1 (1st Cir. 1996). Nothing in the 2005 amendments to the Bankruptcy Code changed that. See In re Pelosi, 382 BR 582 (Bkrtcy.D.Mass. 2008) (citing Lomas); In re Scarborough, 461 F.3d 406 (3rd. Cir. 2006) (disagreeing with the Lomas court's conclusion that the statute is ambiguous but reaching the same result as Lomas); *see also* In re Manning, 2007 WL 2220454 (Bkrtcy.N.D.Ala. 2007) (claim secured by mobile home which is debtor's principal residence is modifiable because under applicable state law, a mobile home is not "real property").

12.   In its post-trial memorandum, Deutsche Bank asked the court to disregard the appraisal. It is not clear why Deutsche Bank would ask the court to do so, given that the purpose of the appraisal, most likely, was to establish the value of the property and to show that there is no equity in the property within the meaning of §362(d)(2)(A). In any event, since Deutsche Bank introduced the appraisal, it was entirely proper for Hayes to question Deutsche Bank's witness about every aspect of the appraisal, not merely the valuation[1]. No objection was raised to the question, and, as noted above, Deutsche Bank's witness admitted that the property is a two-family dwelling.

13.   The request that the court disregard the appraisal is the sort of bad faith intentional self-contradiction that led to the creation of the doctrine of judicial estoppel. "Judicial estoppel is a doctrine that precludes a party from asserting a position contrary to a position it has already asserted." Cadle Co. v. Schlichtmann, Conway, Crowley & Hugo, 338 F.3d 19 (1st Cir. 2003). Having asserted that the property has a certain value and that it is a two-family dwelling, Deutsche Bank is judicially estopped from asserting contradictory facts, both in its post-trial memorandum and in the future of this case.

14.   As a result, there is no reasonable dispute that the claim is modifiable, and footnote nine should be altered or amended.

---

[1] In any event, valuation was not disputed by the debtor, who accepted Deutsche Bank's value since it warranted a bifurcation of the claim pursuant to §506.

3

15. It is also true that in a technical sense, there is no confirmable plan before the court. However, that is true only because the BAP granted leave to appeal from the order sustaining the objection to confirmation based on the balloon payment feature. Although the court sustained the debtor's objection to the claim without prejudice to reconsideration pending the submission of an amended claim, and the issue is not properly before the court at this time since no amended claim has been submitted, it is doubtful that the claim can be amended, see In re Firstplus Financial, Inc., 248 BR 60 (Bkrtcy.N.D.Tex. 2000) ("… a proof of claim filed by an inappropriate party is so flawed that even amendment is impossible."), or that a new claim could be filed by the "appropriate party", whomever that may be, in the absence of due process concerns, In re San Miguel Sandoval, 327 BR 493 (1st Cir. BAP 2005), none of which are present here; there is no "excusable neglect" exception to the time limit for filing claims in a chapter 13 case. Id.

16. In furtherance of her obligation to move the case forward, the debtor will be seeking summary reversal of the order sustaining the objection to confirmation on the theory that if AMC lacked standing to file a proof of claim, it lacked standing to object to confirmation. See In re MacKenzie, 314 BR 277 (Bkrtcy.D.N.H. 2004). That issue is not properly before the court, either, so this statement is made solely for the court's information.

WHEREFORE, based on all of the foregoing, the debtor requests that the court alter or amend the judgment to clarify footnote nine.

August 29, 2008

> Respectfully submitted,
> Robin Hayes
> By debtor's attorney,
>
> /s/ David G. Baker
> David G. Baker, Esq.
> 236 Huntington Avenue, Ste. 302
> Boston, MA  02115
> 617-340-3680
> BBO# 634889

4