UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ROBIN HAYES,**                                                    Chapter 7
    Debtor                                                       Case No. 07-13967-JNF

~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the Debtor's Motion to Alter or Amend Judgment. In 57 numbered paragraphs, the Debtor asserts that this Court erred in granting the "Motion by Commissioner of Massachusetts Department of Revenue to Convert Case to Chapter 7, or in the Alternative to Dismiss" and that this Court should alter or amend its judgment by vacating the order dated November 24, 2008 and allowing the Debtor to pursue financial rehabilitation in Chapter 13. The Commissioner of the Massachusetts Department of Revenue (the "DOR") filed an Opposition to the Debtor's Motion to Alter or Amend Judgment, and the Debtor filed a Response to the Opposition. The issue presented is whether the Debtor has sustained her burden of showing a manifest error of

1

law or fact. For the reasons set forth below, the Court finds that the Debtor failed to satisfy that burden and that the order converting the Debtor's case from Chapter 13 to Chapter 7 will not be vacated.

## II. PROCEDURAL BACKGROUND

The Debtor filed a voluntary Chapter 13 petition, her third, on June 26, 2006. On Schedule B-Personal Property, she listed a checking and savings account at Sovereign Bank, as well as an interest in Helen's Helping Hands, an unincorporated business. Additionally, she indicated that she was not owed any money, although she noted that "the tax returns are in the possession of the preparer and debtor doesn't know whether there is a refund." In her Statement of Financial Affairs, the Debtor further disclosed that she earned gross income from all sources in the sum of $4,000 in 2006 and that prior to that "Debtor's ex husband gave her money as needed."

On July 27, 2006, the Commissioner of the DOR filed a Notice of Unfiled Prepetition Tax Returns and a Request for the Same Pursuant to 11 U.S.C.§ 1308.[1] The Notice

---

[1] Section 1308 provides in relevant part the following:

(a) Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

(b)(1) Subject to paragraph (2), if the tax returns required by subsection (a) have not been filed by the date on which the meeting of creditors is first scheduled to be held under section 341(a), the trustee may hold open that meeting for a reasonable period of time to allow the debtor an additional

provided: "Please take notice that under applicable laws of the Commonwealth of Massachusetts, the debtor in the above-captioned case is required to file annual taxes with the Massachusetts Department of Revenue." Specifically, the DOR sought income tax

---

> period of time to file any unfiled returns, but such additional period of time shall not extend beyond--
>
>> (A) for any return that is past due as of the date of the filing of the petition, the date that is 120 days after the date of that meeting; or
>> (B) for any return that is not past due as of the date of the filing of the petition, the later of--
>>> (i) the date that is 120 days after the date of that meeting; or
>>> (ii) the date on which the return is due under the last automatic extension of time for filing that return to which the debtor is entitled, and for which request is timely made, in accordance with applicable nonbankruptcy law.
>
> (2) After notice and a hearing, and order entered before the tolling of any applicable filing period determined under this subsection, if the debtor demonstrates by a preponderance of the evidence that the failure to file a return as required under this subsection is attributable to circumstances beyond the control of the debtor, the court may extend the filing period established by the trustee under this subsection for--
>> (A) a period of not more than 30 days for returns described in paragraph (1); and
>> (B) a period not to extend after the applicable extended due date for a return described in paragraph (2).

11 U.S.C. § 1308.

returns for tax years 1999 through 2006 inclusive.

The Debtor moved to strike the Notice. Noting that under Mass. Gen. Laws ch. 62, § 5, income which does not exceed $8,000 is exempt from taxation, the Debtor stated:

> To the best of the debtor's recollection, this issue was raised at the first meeting of creditors in her prior case, docket number 06-12851, at which a representative of the Commissioner was present. It is her recollection that she testified that between 1999 and 2005, she had no income of her own and was dependent on her husband. In 2006, she separated from her husband and began to earn her own income, but she believes her income was less than $8,000. She recently divorced.

The DOR opposed the Motion to Strike, noting that in the Debtor's prior case, both it and and the Internal Revenue Service ("IRS") filed proofs of claim to which the Debtor did not object. The DOR also observed that the Court had ordered the Debtor to file federal tax returns for years 1998 through 2005, but her case was dismissed before the deadline was reached. The DOR stated that the Debtor "appears never to have filed a Massachusetts tax return," either individually or with her former spouse. In a footnote, it noted a series of transactions set forth in a complaint filed by the Attorney General involving the Debtor's purchase of a 2004 Cadillac Escalade for $61,755 and other activities in the real estate market.

The Debtor moved for summary judgment with respect to her Motion to Strike, maintaining in her memorandum that the issue presented is "whether the debtor was required by state law to file tax returns even if she did not have taxable income," adding that the Commissioner relies entirely on conclusory allegations, improbable inferences and unsupported speculation, and fails to show that there is any real evidence supporting an

4

Case 07-13967    Doc 503    Filed 12/22/08    Entered 12/22/08 16:59:53    Desc Main
              Document      Page 5 of 14

inference that the debtor *was* required to file returns."  The Debtor did not attach an affidavit to her Motion for Summary Judgment.  In her Statement of Undisputed Facts she stated that, although her name had been linked to a number of corporations, partnerships and trusts created by her former husband, she "disclaimed any knowledge of the activities of those entities."

On August 14, 2006, the Chapter 13 Trustee conducted the first meeting of creditors.  The Debtor did not file any motion or other request for relief under 11 U.S.C. § 1308(b)(2).

Prior to the hearing on the Motion to Strike, the DOR objected to confirmation of the Debtor's plan, and the Debtor filed an objection to the proof of claim filed by the DOR on August 9, 2006 in which it estimated the tax liabilities of the Debtor for personal income taxes for the years 1999 through 2006.  In her First Omnibus Objection to Claims, the Debtor, relying upon the reasoning set forth in her Motion to Strike, denied that she had any income for which a return was required prior to 2006.

In a memorandum filed in conjunction with its Opposition to the Debtor's Motion for Summary Judgment, the DOR discussed the requirements of section 1308 of the Bankruptcy Code and the relief available under section 1307(e)[2] in the event a debtor does

---

[2] Section 1307(e) provides:

(e) Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate.

11 U.S.C. § 1308(e).

not file required returns, namely dismissal or conversion. It also observed that its purpose in filing Notices of Unfiled Tax Returns is to inform parties that returns have not been filed, adding "[i]t is then up to the relevant parties to use that information as they deem appropriate - e.g., the Chapter 13 trustee's questioning of the debtor at the Section 341 meeting on this topic, the filing of returns by the debtor, or making a request to the Chapter 13 trustee for more time to file the returns."

On September 20, 2007, the Court denied the Debtor's Motion to Strike and her Motion for Summary Judgment.

The DOR filed a response to the Debtor's Objection to its estimated claim. It set forth well settled law, namely that a claim is presumptively valid, and that, in an objection to a tax claim, the allocation and burden of proof remains the same as it does under applicable non-bankruptcy law, citing Raleigh v. Illinois Department of Revenue, 530 U.S. 15 (2000). It added that under Massachusetts law, the taxpayer has the burden of establishing her entitlement to an exemption for tax purposes, citing Macy's East, Inc. v. Commissioner of Revenue, 441 Mass. 797, 804 (2004). The DOR, referencing the Debtor's testimony at her Section 341 meeting which occurred on October 4, 2006 in a prior case, stated that the Debtor testified that in October of 2004 she started working at a veterans' home and that on September 27, 2006 she started "taking in" veterans under the name Helen's Helping Hands. The DOR also set forth a series of real estate transactions involving, at the very least, use of the Debtor's name. It concluded that "[t]he burden is on the Debtor in this objection to prove that for each year between 1999 and 2006 that she

did not have taxable income in excess of $8,000 in that year."

On November 1, 2007, the Court took the Debtor's Objection to the claim of the DOR under advisement. On November 14, 2007, in light of the contested matters involving the the proofs of claim filed by the DOR and IRS, *see* Fed. R. Bankr. P. 9014, the Court entered an order requiring discovery to be completed by December 31, 2007.  It also ordered the filing of motions for summary judgment on or before January 18, 2008.  The Debtor and the IRS agreed to extensions of the discovery deadline.

On July 11, 2008, the IRS filed a Motion to Compel Responses to Discovery Requests. The Debtor filed a response in which she indicated that she was asserting her Fifth Amendment Privilege against self-incrimination "as to matters relating to the 'foreclosure rescue scheme' and every issue reasonably related to it." On September 4, 2008, the Court granted the IRS's Motion to Compel.  The Court further stated that the IRS and DOR "may file dispositive motions by 09/26/08 with respect to the Debtor's First Omnibus Objection to Claims."  On September 18, 2008, the IRS filed a Motion for Summary Judgment.  On September 24, 2008, the DOR filed its Motion to Convert Case to Chapter 7, or in the Alternative to Dismiss.  The Court scheduled both motions to be heard on November 24, 2008.

The Debtor objected to the DOR's Motion on October 6, 2008.  On November 19, 2008, she filed a "Motion for Leave to Supplement Objection to Motion of Massachusetts Department of Revenue to Dismiss or Convert."  In that Motion, she stated that she had met with her counsel and reviewed the exhibits attached to the DOR's motion and that she

7

took copies of the exhibits to a tax preparer to seek advice and assistance. In an attached Affirmation, the Debtor disclosed that she purchased the property at 232 Perkins, Avenue, Brockton, Massachusetts (the "Property") from which she operates Helen's Helping Hands in early November 2004 with her former husband's assistance. She added that the first time that she received income from the Property was in December 2004 and that Exhibits A and B to the DOR's Motion, namely deposit slips totaling $23,833.01 for 2005 and $6,799.06 for 2006 for her Sovereign Bank checking account "appear to represent income relating to residents of the Perkins Avenue Property." The Debtor reiterated her contention that she had no tax liability for the activities of her former husband, but she concluded that "[b]ased on the exhibits to this motion as well as the motion of the Internal Revenue Service, I consulted with a tax preparer and have prepared and filed returns for 2004." In her Affirmation, she represented that "[u]ntil I consulted with the tax preparer, I did not know I was required to file returns or that I could get a refund by filing."[3]

On November 21, 2008, the Court granted the Debtor's Motion for Leave to File Supplement and ordered her to bring copies of her 2004, 2005 and 2006 tax returns to the hearing. On the day of the hearing on the DOR's Motion to Convert Case to Chapter 7, or in the Alternative to Dismiss, the Debtor produced copies of the returns, but counsel to both the DOR and IRS represented that the returns had not been filed with the taxing

---

[3] The Debtor did not attempt to explain why she had not consulted with the tax preparer sooner in view of her statement on Schedule B filed in June of 2007, namely, "the tax returns are in the possession of the preparer and debtor doesn't know whether there is a refund."

authorities. Following argument, the Court granted the DOR's alternative request to convert the Debtor's Chapter 13 case to a case under Chapter 7, finding that she had failed to file required tax returns, rejecting the Debtor's assertions that she did not understand her obligation to file returns until the DOR and IRS produced evidence of income in excess of the exempt amount. The Court also determined that the Debtor had engaged in delay prejudicial to creditors in her chapter 13 case by taking inconsistent positions with respect to the amount of her income.

### III. DISCUSSION

The Court finds that the Debtor has failed to demonstrate a manifest error of law or fact with respect to the Court's order of November 24, 2008, and she did not produce newly discovered evidence. *See* In re Wedgestone Financial, 142 B.R. 7 (Bankr. D. Mass. 1992). *See also* Fed. R. Civ. P. 59(e), made applicable to this matter by Fed. R. Bankr. P. 9023. Because the Debtor did not file any tax returns before the date on which the meeting of creditors was first scheduled and because she did not seek an extension of time within which to file such returns in accordance with 11 U.S.C. § 1308(b)(1) or (2), the DOR satisfied its burden under 11 U.S.C. §§ 1307(e) and 1308.

The Debtor clearly misapprehended her burden to produce and file tax returns. Her Motion to Strike and Motion for Summary Judgment through which she addressed the DOR's Notice of Unfiled Tax Returns demonstrates the fallacy underlying her Motion to Alter and Amend. The filing of those pleadings resulted in needless and prejudicial delay. The burden was not on the DOR to establish that the Debtor had taxable income; the

9

burden was on the Debtor to file tax returns for the years within which she, in fact, had taxable income. Her "belief" that she did not have income sufficient to trigger the necessity of filing a return for 2005 is insufficient to shift the burden to the DOR to establish that she had such income. The Debtor caused both the DOR and the IRS to engage in extensive discovery to prove what the Debtor knew or should have know with respect to her income from Helen's Helping Hands. The Debtor could have, but did not, look at her own checking account statements from Sovereign Bank, which she listed on Schedule B, to determine whether she had reportable income, relying only upon her unsubstantiated statements that she did not have income triggering the need to file a return. As the DOR demonstrated, the Debtor's belief about the amount of her earnings was inaccurate. The Debtor had an obligation at the beginning of the Chapter 13 case to ascertain whether she had sufficient income to trigger the requirement to file tax returns. She cannot now purport to file returns and argue that the provisions of section 1308 do not apply because her understanding of her income was wrong. The provisions of section 1308(b) afforded the Debtor time to ascertain her income from Helen's Helping Hands and to file any required returns. She did not avail herself of the statute's safe-harbor.

An analysis of the burden of proof applicable to tax claims is helpful to understanding why the Debtor's Motion to Alter or Amend lacks merit, although this Court is not ruling, at this time, on the Debtor's Objection to the DOR's proof of claim. A proof of claim filed in accordance with the Bankruptcy Rules is prima facie evidence of the validity and amount of the claim. Fed. R. Bank. P. 3001(f); In re Hemingway Transport, Inc.,

993 F.2d 915, 925 (1st Cir.1993), *cert. denied*, 510 U.S. 914 (1993).  In order to rebut the presumption that attaches to a proof of claim, the objecting party must come forward with "substantial evidence." Id. at 925.  Thus, the party objecting to a properly filed proof of claim - - the Debtor in this case - - has the initial burden of presenting sufficient probative evidence to overcome such prima facie effect and once having done so the burden shifts to the creditor to establish the validity of the claim.  If a tax claim is involved, however, and "the specific issue is one on which, in a nonbankruptcy forum, the taxpayer would have the burden of proof, a debtor-taxpayer in bankruptcy must carry the burden of proof on that issue in connection with an objection to claim." In re Shabazz, 206 B.R. 116, 120 (Bankr. E.D. Va. 1996)(citing IRS v. Levy ( In re Landbank Equity Corporation), 973 F.2d 265 (4th Cir.1992) (debtor-taxpayer has burden of proof on disallowed deductions)).  A denial of receipt of income greater than $8,000 for 2005, which is subsequently proved false, is not "substantial evidence."

As the Court noted in In re Callery, 274 B.R. 51, 57 (Bankr. D. Mass. 2002), a case involving an amended proof of claim filed by the IRS,

> All taxpayers have a duty to maintain sufficient accounting records for tax reporting purposes. United States v. Morse, 491 F.2d 149, 151 (1st Cir.1974) (citation omitted). Where a taxpayer fails to maintain or produce adequate books and records, the Commissioner is authorized to compute the taxpayer's taxable income by any method that clearly reflects income. 26 U.S.C. § 446(b); Holland v. United States, 348 U.S. 121, 130-132, 75 S.Ct. 127, 99 L.Ed. 150 (1954). The taxpayer bears the burden of proving that the assessment is arbitrary or erroneous. Day v. Commissioner, 975 F.2d 534, 537 (8th Cir.1992). A court must accept the Commissioner's method of reconstructing income "so long as it is rationally based." Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933); Bernuth v. Commissioner, 470 F.2d 710, 714 (2nd Cir.1972); Rowell v. Commissioner, 884 F.2d 1085, 1087

(8th Cir.1989) (citation omitted). When taxpayers fail to file returns or file returns substantially understating their income, and cannot produce records which provide the "[a]rithmetic precision . . . originally and exclusively in [their] hands," an assessment is necessarily an estimate. Rowell, 884 F.2d at 1088. "As long as the method for assessment is reasonable and logical, defaulting taxpayers may not complain of the inevitable inaccuracies in assessment their default occasions." Id. at 1087-88.

The ruling on the DOR's Motion to Convert Case to Chapter 7, or in the Alternative to Dismiss was not a determination of the Debtor's tax liability, if any, to the DOR. Rather, the Court's order granting the DOR's alternative motion to convert was in response to the Debtor's failure to file required returns based upon an unfounded contention that the DOR had the burden of proving that she had income in excess of $8,000. *See* Mass. Gen. Laws ch. 62, § 5(a)(1); Mass. Gen. Laws ch. 62C, § 6.[4] The Notice of Unfiled Prepetition Tax Returns and a Request for the Same Pursuant to 11 U.S.C. § 1308 and the filing of a proof of claim by the DOR placed the burden on the Debtor to establish that she, in fact, had no income in excess of $8,000. As a matter of law, it was her burden to demonstrate that she was entitled to the benefits of Mass. Gen. Laws ch. 62, § 5 and Mass. Gen. Laws ch. 62C, § 6, and, if she was not, to file the required returns within the time set forth in section 1308. At the very least, she could have examined her own bank records and filed informational returns showing what she believed her income to be. She did not. Thus, she did not satisfy her duties under section 1308 by waiting for the DOR to examine her Sovereign Bank

---

[4] The statute provides: "(a) Notwithstanding the provisions of section four, Part A taxable income, Part B taxable income and Part C taxable income, shall be exempt from all taxes imposed under this chapter if the Massachusetts adjusted gross income for the taxable year does not exceed the following threshold: (1) in the case of a single person, eight thousand dollars. . . ."

records and only then, when confronted with indisputable evidence of her income, consulting with a tax preparer in order to file returns based upon their discovery to date.

The DOR provided the Debtor with a road map regarding her responsibilities. She chose to ignore it at her peril. In Raleigh v. Illinois Dept. of Revenue, 530 U.S. at 20-21, the Supreme Court stated that "we have long held that the burden of proof to be a 'substantive' aspect of a claim," adding "the burden of proof is an essential element of the claim itself; one who asserts claim is entitled to the burden of proof that normally comes with it." Id. at 21. The Supreme Court further observed:

> Tax law is no candidate for exception from this general rule, for the very fact that the burden of proof has often been placed on the taxpayer indicates how critical the burden rule is, and reflects several compelling rationales: the vital interest of the government in acquiring its lifeblood, revenue, the taxpayer's readier access to the relevant information, and the importance of encouraging voluntary compliance by giving taxpayers incentives to self-report and to keep adequate records in case of dispute. These are powerful justifications not to be disregarded lightly.
>
> Congress of course may do what it likes with entitlements in bankruptcy, but there is no sign that Congress meant to alter the burdens of production and persuasion on tax claims. . . .

Id. (citations omitted, footnote omitted).

As the Supreme Court noted, taxpayers have readier access to relevant information. The provisions of the Bankruptcy Code, particularly after the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, place sufficient demands on debtors to retain and produce financial information. The Debtor cannot shirk her responsibilities to retain financial records by improperly attempting to shift the burden to the taxing authorities to establish what her income actually was in 2005 and the other years in

question.

## IV. CONCLUSION

In view of the Supreme Court's decision in <u>Raleigh</u> and the facts set forth above the Court shall enter an order denying the Debtor's Motion to Alter or Amend Judgment and sustaining the DOR's Opposition.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated:  December 22, 2008
cc: David G. Baker, Esq., Stephen G. Murphy, Esq., Carolyn Bankowski, Esq.